UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTOFER LOPEZ ALONZA (A-Number: 241-668-833),<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Case No. 1:26-cv-3059-DJC-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Cristofer Lopez Alonza, a citizen of Guatemala, entered the United States in approximately 2022 as an unaccompanied minor and was later released by government authorities into the country. ICE re-detained him in February 2026. In his amended petition, petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his re-detention violates due process. For the following reasons, I recommend that the amended petition be granted and that petitioner be immediately released.

**Background**

Petitioner is a native and citizen of Guatemala who first entered the United States in 2022. ECF No. 17 at 2. He was apprehended by immigration authorities and placed into custody with the Office of Refugee Resettlement ("ORR") as an unaccompanied minor. *Id.* Government officials released him to his mother in the United States on or about August 3, 2022. *Id.*; ECF

No. 17-1 at 1. Petitioner filed for asylum and was issued employment authorization and a social security number. ECF No. 17 at 2; *see also* ECF No. 17-1 at 3. Petitioner attaches letters of support from community members. ECF No. 17-1 at 4-13.

In February 2026, petitioner was a passenger in a car that had broken down. ECF No. 17 at 2. Local law enforcement found him outside the car and arrested him for DUI. *Id.* A local judge ordered his release on $1,000 bail, but upon his release on February 18, 2026, ICE re-detained him. *Id.* Respondent does not discuss this arrest and has not provided any information about any pending charges. *See* ECF No. 20. Respondent has not asserted that petitioner was convicted of any crimes in the United States or that he otherwise violated any conditions of release. ECF Nos. 8 & 20. Petitioner has been held in immigration custody since his re-detention.

On April 2, 2026, an immigration judge denied bond to petitioner, finding that he was a danger to the community. ECF No. 8-1 at 1. His asylum claim remains pending before the immigration court. ECF No. 17 at 2.

## Procedural History

On April 21, 2026, petitioner, proceeding pro se, filed a petition for writ habeas corpus, a motion for a temporary restraining order ("TRO"), and a motion to appoint counsel. ECF Nos. 1, 2, & 3. Respondent filed a motion to dismiss the petition. ECF No. 8. On May 6, 2026, the court denied petitioner's motion for TRO and referred the matter to me. ECF No. 10. On May 29, 2026, I granted petitioner's motion to appoint counsel, and I provided petitioner leave to file an amended petition. ECF No. 13. On June 29, 2026, with appointed counsel, petitioner filed an amended petition.[1] ECF No. 17. On July 9, 2026, respondent filed an opposition. ECF No. 20. On July 16, 2026, petitioner filed a reply. ECF No. 21. The matter is now submitted.

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75

[1] Still pending is respondent's motion to dismiss the initial petition. ECF No. 8. Because this motion has been rendered moot by the filing of the amended petition, I will deny it.

(2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

In his amended petition, petitioner claims that his re-detention without a pre-deprivation hearing violated his due process rights.[2] ECF No. 17 at 9-12. Notably, respondent neither addresses this claim nor responds to petitioner's allegations and evidence that he has previously been released from immigration custody. *See* ECF No. 8. Instead, respondent argues that petitioner has failed to exhaust his administrative remedies and that the remedy for prolonged detention is a bond hearing. ECF No. 20 at 2-3. I find that any exhaustion requirement should be excused because petitioner claims that his detention violates due process. *See Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994) ("An exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures."). Moreover, while petitioner captions his due process claim as "prolonged detention without an adequate bond hearing," the allegations therein state that a "lack of a pre-deprivation constitutionally adequate bond hearing violated his due process rights and he should be released based on that violation alone." *See* ECF No. 17 at 9. As noted, respondent does not address the merits of this due process claim.

Courts analyze procedural due process claims in two steps: first, we consider whether

---

[2] Petitioner's pro se petition did not allege that he had been re-detained after being released into the United States by immigration authorities. *See* ECF No. 1. Despite presumably possessing documents showing that petitioner was re-detained after years at liberty in the United States, respondent moved to dismiss the pro se petition by framing this case as involving only prolonged detention, and it did not indicate that petitioner has previously been released. *See* ECF No. 8.

there exists a protected liberty interest under the Due Process Clause, and, second, we evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

To determine whether a specific conditional release rises to the level of a protected liberty interest, courts have compared "specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey* [*v. Brewer*, 408 U.S. 471 (1971)]." *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted). In *Morrissey*, the Supreme Court explained that parole from a criminal conviction "enables [the parolee] to do a wide range of things open to persons" who have never been in custody or convicted of any crime, including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." 408 U.S. at 482. The court observed that while "the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," such as monitoring and seeking authorization to work and travel, the petitioner's "condition is very different from that of confinement in a prison." *Id.* "The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee." *Id.* (quotations omitted). Therefore, in *Morrissey*, the Supreme Court found that a parolee in a criminal case possessed a protected interest in "continued liberty." *Id.* at 481-84.

Recently, confronted with questions similar to those raised by petitioner, courts in this Circuit have found that noncitizens released from ICE custody acquire a liberty interest in their continued release. *See Labrador-Prato v. Noem*, No. 1:25-cv-1598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *Rico-Tapia v. Smith*, No. 1:25-cv-00379-SASPKJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) and *Morrissey*, 408 U.S. at 481-82 (1972)); *Shoimov v. Chestnut*, No. 1:25-cv-1603-CSK, 2026 WL 35624, at *5 (E.D. Cal. Jan. 6, 2026). I agree with the bulk of

other courts to have considered the issues presented here and find that petitioner has a protected liberty interest in his continued release.

Government officials released petitioner (an unaccompanied minor) to his mother on his own recognizance in August 2022. ECF No. 17-1 at 2. Since his release, petitioner lived in the United States, outside of ICE custody, for approximately three and a half years. *Id*. During that time, he formed "enduring attachments of normal life." *See Morrissey*, 408 U.S. at 482. I conclude that petitioner's initial release and time out of custody have created a constitutionally protected liberty interest in continued release. *See Guillermo M.R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests).

Once a court has found that a noncitizen has a liberty interest in continued release, the court must next determine what procedural protections the government must afford the noncitizen before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context).

The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Respondent does not dispute that petitioner was re-detained after being released by immigration authorities into the United States to enjoy years at liberty on his own recognizance. *See* ECF Nos.

8 & 20. Petitioner acquired a private interest in continued release over three and a half years of supervised release. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Turning to the second *Mathews* factor, the risk of erroneous deprivation is high. Prior to releasing petitioner in 2022, government officials necessarily determined that he presented neither a danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after his initial apprehension reflected a determination by the government that he was neither a flight risk nor a danger to the community"). Absent a bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's re-detention was not pursuant to a valid state interest. *See Omer G. G. v. Kaiser*, No. 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

Respondent offers no evidence or argument indicating that any procedural safeguards were employed prior to petitioner's re-detention; more generally, it gives the court no reason to believe that any efforts were made to prevent erroneous deprivation of petitioner's liberty at the point of re-detention. *See* ECF Nos. 8 & 20.

"Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). Indeed, respondent has provided no information about the additional burden that would have fallen on it as a result of being required to provide a pre-deprivation hearing. *See* ECF Nos. 8 & 20. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's re-

detention without a bond hearing violated his due process rights. While petitioner received a bond hearing in April 2026, the immigration judge conducted that hearing "pursuant to 8 C.F.R. § 1236." ECF No. 8-1 at 1. This regulation requires the noncitizen to "demonstrate, by clear and convincing evidence, that release would not pose a danger to the safety of other persons or of property." 8 C.F.R. § 1236.1(c)(3). Due process, however, requires the government to prove danger or flight risk by clear and convincing evidence. *See Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024); *Lopez v. Garland*, 631 F. Supp. 3d 870, 882 n.9 (collecting cases). There is no evidence or allegation that the government bore the burden of proof at petitioner's bond hearing; rather, it appears that petitioner carried the burden of proof. *See* ECF No. 8-1 at 1. Accordingly, I find that petitioner has not been provided a constitutionally adequate bond hearing.

Given this finding, I must determine the appropriate remedy. Petitioner requests immediate release. ECF No. 17 at 14. Respondent does not address this issue. *See* ECF No. 20. The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention.").

To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id*. at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Here, between his release in August 2022 and his re-detention in February 2026, there is

no evidence or allegation that petitioner failed to comply with the terms of his release. The immigration judge's order denying bond references an "arrest for driving under the influence." ECF No. 8-1 at 1. However, respondent has not provided any evidence regarding petitioner's criminal history, such as a RAP sheet, an arrest report, or court records. *See* ECF Nos. 8 & 20. Moreover, while petitioner acknowledges this charge, he alleges that he has not been convicted, and respondent does not contest this allegation.[3] *See* ECF No. 17 at 2; ECF No. 20. More fundamentally, there is no evidence, and respondent has presented no argument, suggesting that there was "the necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Indeed, respondent does not presently argue that petitioner is a danger to the community or a flight risk, and instead it only references the immigration judge's prior decision. *See* ECF Nos. 8 & 20.

Under these circumstances, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing, and the government has failed to provide a prompt post-deprivation hearing that comports with due process. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, it is hereby ORDERED that respondent's motion to dismiss the original petition, ECF No. 8, is DENIED as moot.

Further, it is hereby RECOMMENDED that:

1. The amended petition for writ of habeas corpus, ECF No. 17, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 241-668-833) from its custody. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government

---

[3] As noted, petitioner alleges that Florida law enforcement encountered him outside a broken-down car, in which he was only a passenger and not driving. ECF No. 17 at 2. Respondent does not contest this allegation. *See* ECF No. 20.

seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE